UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL McINERNEY,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF EDUCATION,

Defendant.

Case No. 3:17-cv-00346-MMD-WGC

ORDER

## I.    SUMMARY

Before the Court is Plaintiff Michael McInerney's Request for Injunction ("PI Motion") (ECF No. 6), Plaintiff's Motion for Summary Judgment ("MSJ") (ECF No. 9), and Defendant Department of Education's Motion to Dismiss Plaintiff's Amended Complaint ("MTD") (ECF No. 10). The Court has reviewed Defendant's response to Plaintiff's MSJ (ECF No. 16), response to Plaintiff's PI Motion (ECF No. 11) and reply in support of its MTD (ECF No. 15), as well as Plaintiff's response to Defendant's MTD (ECF No. 14) and reply regarding his PI Motion (ECF No. 13).

For the reasons stated, the MTD is granted, and the PI Motion and MSJ are denied as moot. Plaintiff will be given leave to file an amended complaint.

## II.    BACKGROUND

### A.    Procedural History

Plaintiff filed a complaint under seal on June 5, 2017 (ECF No. 4), appealing the Department of Education's decision regarding the amount of his wage garnishment. Simultaneously, on June 5, 2017, Plaintiff filed a form entitled "Complaint and Motion for

Injunction" (ECF No. 6) making the same allegations against Defendant in which he requested an emergency order directing Defendant to cease garnishment of Plaintiff's wages. Plaintiff requested that the motion for injunction be considered on an emergency basis, which the Court declined to do in a minute order issued on July 7, 2017. (ECF No. 8.)

On June 12, 2017, Plaintiff filed an executed summons, which stated that a representative of the Department of Education had been served with a copy of the first complaint. (ECF No. 7.) However, on July 7, in issuing its minute order regarding the Complaint and Motion for Injunction, the Court instructed the Clerk to send a copy of the document along with the minute order by certified mail to the Office of General Counsel of the Department of Education and gave Defendant 30 days from the date of mailing to file a response.[1] (ECF No. 8.) Therefore, the Court treats the latter filed document—Complaint and Request for Injunction (ECF No.6)—as the operative complaint in this case.

### B.   Facts

In his Amended Complaint, Plaintiff brings one count for a 14th amendment due process violation and requests that the Court "immediately [stop] the Department of Education from garnishing" 15 percent of his wages. (*See* ECF No. 6 at 4-5, 9.) Plaintiff alleges that his student loan is invalid because at the time he took out the loan he was getting social security and had a condition that prevented him from meeting the state requirements of the occupation for which the school trained him.[2] (*See id.* at 5, 9.) He also states that he currently makes approximately $17,000 per year, yet Defendant claims that he makes over $4000 per month (or roughly $36,000 per year).[3] (*See id.*)

---

[1]Under Federal Rule of Civil Procedure 12(a)(2), the Department of Education is permitted 60 days to file an answer to a complaint or to file a motion to dismiss.

[2]Based on the Garnishment Hearing Decision, which is attached to Plaintiff's Amended Complaint (ECF No. 6 at 8-12), the Department of Education denied Plaintiff's request for loan discharge in 2009 (*id.* at 9).

[3]The Garnishment Hearing Decision states that Plaintiff's monthly disposable income is $3,159.04. (ECF No. 6 at 9.)

**III.     MTD (ECF No. 10)**

In its MTD, Defendant argues that Plaintiff's Amended Complaint should be dismissed pursuant to Rules 12(b)(6) and 8(a)(2) because the 14th Amendment does not apply to the federal government and the Amended Complaint fails to state plausible claims for relief. (ECF No. 10 at 2-3.) The Court agrees that Plaintiff's allegations do not state a legally cognizable claim under the 14th Amendment.

**A.     Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555.) In other words, "[f]actual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has

1  "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal

2  quotation marks omitted). When the claims in a complaint have not crossed the line from

3  conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

4  Moreover, a complaint must contain either direct or inferential allegations concerning "all

5  the material elements necessary to sustain recovery under *some* viable legal theory."

6  *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

7  1106 (7th Cir. 1989) (emphasis in original)).

8      The Supreme Court has held that documents filed pro se must be liberally

9  construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however

10  inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

11  by lawyers." *Id.* Thus, a pro se complaint can only be dismissed for failure to state a claim

12  if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his

13  claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 520-21 (1972) (quoting

14  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) (internal quotation marks omitted).

15  **B.  Discussion**

16      The 14th Amendment does not apply to the federal government; rather, it applies

17  to the states. *See Hall v. Mueller*, 84 F. App'x 814, 815 (9th Cir. 2003) ("[T]he district court

18  properly dismissed [plaintiff's] Fourteenth Amendment and section 1983 claims . . .

19  because these provisions do not apply to federal government actors.") Moreover, a 14[th]

20  Amendment violation is not a legal claim on its own.[4] *See Azul-Pacifico, Inc. v. City of Los

21  Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) (no cause of action exists directly under the

22  ///

23  ///

24  ///

_____

25  [4]To bring suit under the Fourteenth Amendment against a state actor, a plaintiff
must plead a claim for relief under 42 U.S.C. § 1983. *Oviatt v. Pearce*, 954 F.2d 1470,
26  1473-74 (9th Cir. 1992) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978))
("A local government entity is liable under § 1983 when 'action pursuant to official
27  municipal policy of some nature cause[s] a constitutional tort.'"); *see also Lee v. City of
Los Angeles*, 250 F.3d 668, 683-84 (9th Cir. 2001) (allegations of a due process violation
28  committed by a state actor give rise to a claim under § 1983).

United States Constitution).[5] Because Plaintiff fails to present a legally cognizable claim, the Court grants Defendant's MTD.

### C.    Leave to Amend

Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its complaint only by leave of the court once responsive pleadings have been filed and in the absence of the adverse party's written consent. The court has discretion to grant leave and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting Fed. R. Civ. P. 15(a)).

After review of the attached exhibits to Plaintiff's Amended Complaint (ECF Nos. 6-1 and 6-2), the Court finds that amendment would not be futile as to Plaintiff's contention that Defendant improperly calculated his income for purposes of wage garnishment. *See Bowles v. Reade*, 198 F.3d 752, 758-79 (9th Cir. 1999). Thus, Plaintiff may be able to challenge the agency's decision as arbitrary and capricious or contrary to law under the APA. *See* 5 U.S.C. § 706(2)(A).

The Court therefore grants Plaintiff leave to file an amended complaint that alleges sufficient facts to present plausible claims for relief.

### IV.    MSJ (ECF No. 9)

On August 2, 2017, Plaintiff filed a Motion for Summary Judgment.[6] (ECF No. 9.) Because the MTD has been granted, Plaintiff's MSJ is denied as moot.

///

///

---

[5]Generally, when challenging the decision of a federal government agency, plaintiffs bring suit under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706 *et seq.*, for claims that an agency's decision was arbitrary and capricious. *See Native Vill. of Point Hope v. Salazar*, 680 F.3d 1123, 1129-30 (9th Cir. 2012).

[6]Plaintiff's basis for summary judgment is that Defendant failed to file a response to the initial complaint by June 27, 2017. (ECF No. 9 at 1.) However, pursuant to Federal Rule of Civil Procedure 12(a)(2), a federal government agency has 60 days to file a responsive pleading. *See infra* n.1. Therefore, despite the statement that an answer was due by June 27, 2017 (ECF No. 7), Defendant filed its responsive pleading within the 60-day limit provided by the federal rules. In addition, a failure to file an answer in the allotted time requires a motion for entry of default and default judgment, not a motion for summary judgment. *See* Fed. R. Civ. P. 55(b) & (d).

**V.   PI MOTION (ECF No. 6)**

Because the MTD is granted, Plaintiff's PI Motion is denied as moot.

**VI.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of motions before the Court.

It is therefore ordered that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 10) is granted. Plaintiff may file a Second Amended Complaint within thirty (30) days of this order to cure the deficiencies of the Amended Complaint. Failure to file an amended complaint within thirty (30) days will result in dismissal of this action with prejudice.

It is further ordered that Plaintiff's Motion for Injunction (ECF No. 6) and Motion for Summary Judgment (ECF No. 9) are denied as moot.

DATED THIS 11th day of October 2017.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE